UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2009-082 (WOB-JGW)

ANTHONY HOLT, ET AL.                                  PLAINTIFFS

VS.                   MEMORANDUM OPINION AND ORDER

CAMPBELL COUNTY, KENTUCKY,
ET AL.                                                DEFENDANTS

This is a civil rights action filed by former detainees at the Campbell County Detention Center ("CCDC") in Newport, Kentucky.  The matter is currently before the court on defendants' motions for partial summary judgment as to the claims of two plaintiffs, Elizabeth Doud and Kelcey Benzinger (Docs. 114, 117).  The Court finds that oral argument is not necessary to the resolution of these motions.

*Factual and Procedural Background*

Plaintiff Kelcey Benzinger was incarcerated at the CCDC on three separate occasions in 2010:  February 3-9, March 25-June 14, and August 17-October 8.  Benzinger alleges that during the first stay, she was denied inadequate medical care to treat her symptoms of heroin withdrawal.

Although the CCDC has an administrative grievance

process for inmates, Benzinger never filed a grievance concerning her allegedly deficient medical care.

Plaintiff Elizabeth Doud also was incarcerated at the CCDC, among other occasions, from September 9, 2009 to November 13, 2009. Doud alleges that she suffered a miscarriage during this time due to inadequate medical care. Doud did not file an administrative grievance concerning her alleged lack of medical care.

This case was filed as a putative class action on June 17, 2009, alleging claims for deliberate indifference to plaintiffs' medical needs, repeated use of excessive force, and mental and psychological abuses, all in violation of 42 U.S.C. § 1983.

Plaintiff Doud joined this action by way of an amended complaint on March 15, 2010 (Doc. 15), and plaintiff Benzinger did the same on June 1, 2010 (Doc. 38). At the time they joined this suit, both plaintiffs were incarcerated: Doud at the Grant County Detention Center and Benzinger at the CCDC.

Doud was again incarcerated at the CCDC from March 2011 to July 1, 2011. She did not file a grievance with the CCDC during this stay.

Benzinger was again incarcerated at the CCDC from January to May 2011. She did not file a grievance with the

2

CCDC during that time.

Thereafter, defendants filed the present pending motions for partial summary judgment.

### *Analysis*

**A.   PLRA Exhaustion**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this provision, "a prisoner must exhaust all of his available remedies before filing a § 1983 action in federal court."  *Brock v. Kenton County, Ky.*, 93 Fed. App'x 793, 796 (6th Cir. 2004) (citation omitted).  "That is, under the PLRA, exhaustion of available administrative remedies is a mandatory pre-condition to filing suit in federal court."  *Id.* at 798 (citation omitted).

"The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable."  *Napier v. Laurel Jackson, Ky.*, 636 F.3d 218, 224 (6th Cir. 2011) (citation omitted).  *See also Brock*, 93 Fed. App'x at 798 (noting that the prisoner "must make some

3

affirmative efforts to comply with the administrative procedure" and that the procedures are "unavailable" only where, despite the prisoner's efforts, the facility thwarts the inmate's attempts at exhaustion).

Plaintiffs Benzinger and Doud were both incarcerated at the time they joined this lawsuit, and they are thus "prisoners" for purposes of PLRA exhaustion.[1]  Further, their claims clearly pertain to "conditions of confinement" as they allege they received inadequate medical care while incarcerated at the CCDC.

Thus, the PLRA exhaustion requirement applies to plaintiffs, and defendants have pled this affirmative defense.  (Doc. 42 at 41).

Further, defendants have attached to their motion for summary judgment evidence of the CCDC's grievance process and the means through which inmates are informed of it.  (Doc. 114-1, Affidavit of Greg Buckler).  Once defendants put forward this evidence, plaintiffs are "required to present 'significant probative evidence' to defeat the motion for summary judgment on this ground." *Napier*, 636 F.3d at 225 (citation omitted).

---

[1] It does not matter that the plaintiff was incarcerated at a facility other than the one where the alleged mistreatment occurred.  *Id.* at 222.

4

Plaintiffs Doud and Benzinger have presented no evidence that they took any steps whatsoever to present a grievance to the CCDC regarding the conditions of confinement they now challenge. Under the above authority, therefore, the Court does not reach the question of whether the administrative process was "unavailable" to plaintiffs.

In any event, defendants have presented uncontradicted evidence that the CCDC does have an administrative grievance process; that it is communicated to inmates at intake and periodically over the facility's television system; and that these plaintiffs specifically were aware of the procedure.

Plaintiffs rely on a "special circumstances" test employed by the Second Circuit to argue that their medical conditions prevented them from filing grievances. *See Hemphill v. New York, C.O.*, 380 F.3d 680, 686 (2d Cir. 2004). That case, however, is in direct conflict with more recent Sixth Circuit authority discussed above which holds that the Court will not consider exceptions to exhaustion where the plaintiff has not shown that she at least attempted to file a grievance.

Further, even if such an exception applied, neither Benzinger nor Doud has shown any reason why, even if they were limited by their medical conditions while incarcerated

5

during 2009 and 2010, they could not have pursued grievances during their subsequent stays at the CCDC in 2011.

In sum, plaintiffs Benzinger and Doud's claim are completely barred for failure to exhaust under the PLRA.

Further, because these plaintiffs' § 1983 claims would be barred by the applicable one-year statute of limitations even if refiled after exhaustion, these claims will be dismissed with prejudice. *See Burke v. Campbell County Fiscal Court*, No. Civ.A. 06-CV-191-DLB, 2006 WL 3627711, at *3 (E.D. Ky. Dec. 11, 2006).

### B. State Law Claims

Defendants further argue that Benzinger's and Doud's state law claims should be dismissed because the Court cannot exercise its supplemental jurisdiction over them based on the Court's federal jurisdiction over the claims of different plaintiffs, where the claims do not satisfy the "common nucleus of operative fact" requirement. *See, e.g., Kline v. Mortgage Elec. Registration Sys., Inc.*, No. 3:08cv408, 2010 WL 1372401, at *6 n.2 (S.D. Ohio Mar. 29, 2010) (discussing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)).

This argument is well taken. The claims of Benzinger and Doud are based on different facts than the claims of

6

other plaintiffs who allege inadequate medical care, excessive force, etc., and they thus do not derive from a "common nucleus of operative fact." Plaintiffs do not argue otherwise, asserting merely that summary judgment on the exhaustion basis is not warranted.

Therefore, the Court will decline to exercise its supplemental jurisdiction over plaintiffs' state law claims.

Therefore, having reviewed this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that:

(1) Defendants' motions for partial summary judgment as to the claims of plaintiffs Elizabeth Doud and Kelcey Benzinger (Docs. 114, 117) be, and are hereby, **GRANTED**. The federal claims of these two plaintiffs are **DISMISSED WITH PREJUDICE**; and

(2) The Court declines to exercise supplemental jurisdiction over these plaintiffs' state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.

7

This 8th day of June, 2012.



Signed By:
William O. Bertelsman  WOB
United States District Judge